1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

RONALD EVERETT,                                    )   1:12-cv-00343-BAM (PC)
                                                   )
10                           Plaintiff,            )   ORDER DISMISSING COMPLAINT
                                                   )   WITHOUT LEAVE TO AMEND FOR
11          v.                                     )   FAILURE TO STATE A CLAIM
                                                   )   (ECF Nos. 1, 10)
12   P. BRAZELTON, et al.,                         )
                                                   )   ORDER DENYING PLAINTIFF'S
13                           Defendants.           )   REQUEST FOR A COPY OF HIS
                                                   )   ORIGINAL COMPLAINT AND EXHIBITS
14                                                 )   (ECF No. 11.)
                                                   )
15                                                 )
                                                   )
16                                                 )
_____   )
17

18   **I.      Screening Requirement and Standard**

19          Plaintiff Ronald Everett ("Plaintiff") is a state prisoner proceeding pro se and in forma

20   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown

21   Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).[1]  Plaintiff's

22   complaint, filed on April 11, 2012, is currently before the Court for screening.[2]

23          The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

25   _____
     [1]      Plaintiff has asserted claims against county, state and federal employees.

26   [2]      On October 22, 2012, Plaintiff filed a document titled "Amendment to Complaint," which was entered on
     the Court's docket as a "First Amended Complaint."  (ECF No. 10.)  The document is not an amended complaint,
27   but is a request for leave to amend the complaint to correctly identify all the defendants in the caption of this matter.
     As discussed more fully below, Plaintiff's complaint shall be dismissed without leave to amend for failure to state a
28   claim.  Accordingly, Plaintiff's request for leave to amend filed on October 22, 2012, is DENIED.

                                                       1

1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

///

///

## II.    **Plaintiff's Allegations**

Plaintiff is currently housed at San Quentin State Prison.  The events complained about allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names the Elk Grove Police Department, United States Postal Inspector Frank Ducar, United States Postal Inspector Martin, PVSP Security Officer M. Black, PVSP Security Squad Sergeant J. Lopez, PVSP Warden J. Yates, Director of the California Department of Corrections and Rehabilitation John Dovey, and PVSP Correctional Lieutenant J. C. Smith as defendants.

Plaintiff alleges as follows:  Based on information obtained from inmate telephone calls in 2006 and 2007, Defendant Black notified Defendant Ducar of the possibility that narcotics were being sent via the United States Postal Service to the residence of Carol Salvant.

On April 1, 2008, Defendant Ducar informed Defendant Black that he had intercepted a package being sent to Ms. Salvant from Anna Torres.  Defendant Ducar also indicated that he had identified the package as heroin and had obtained a search warrant.

On April 8, 2008, Defendant Black obtained a search warrant for Ms. Salvant's address. On April 10, 2008, the Rancho Cordova Special Services Unit, Defendant Elk Grove Police Department and the United States Postal Service executed the search warrant.  Upon entry into the residence, Ms. Salvant had a seizure and was taken to Sutter County General Hospital.  The search of the residence uncovered a package containing approximately 26.4 grams of suspected heroin in Ms. Salvant's bedroom, along with a 9mm handgun and other indicia.  A Narcotic Identification Kit test was conducted on the heroin with a positive reaction.  Defendant Elk Grove Police Department retained the handgun, but turned over the heroin and other indicia to Defendant Black.  Defendant Black placed these items into the Sub Evidence Locker #2 at PVSP.

On May 6, 2008, Ms. Salvant was arrested and booked into the Sacramento County Jail and charged with violations for supply of a controlled substance from a civilian to an inmate and transportation, sale and distribution of a controlled substance.

On April 10, 2008, Plaintiff and another inmate were housed in Administrative Segregation ("Ad-Seg") pending investigation into their suspected involvement in a conspiracy to distribute a controlled substance into PVSP.

On April 18, 2008, the heroin was sent to the Department of Justice for analysis.

On May 20, 2008, Plaintiff was advised of his <u>Miranda</u> rights and elected not to make a statement.

On May 24, 2008, Plaintiff mailed home a police report, court transcripts, an insurance policy, a marriage license and seven (7) compact discs.  Plaintiff filled out a trust account withdrawal form to pay for the postage.  On June 19, 2008, Plaintiff received a notice from Corrections Officer L. Collins informing him that he had no money in his trust account and that six (6) compact discs were destroyed.  On July 7, 2008, Plaintiff submitted a grievance for the destruction of his property.  On October 17, 2008, his appeal was granted for an unidentified amount of money.  Plaintiff also submitted his appeal to the Director Level's and it was partially granted.

On October 17, 2008, the Investigative Service Unit concluded its investigation and received results from the Department of Justice confirming that the substance recovered from Ms. Salvant's residence was heroin.

Plaintiff requested additional material/evidence to be presented at his Rules Violation Report ("RVR") 115 hearing.  At the time Plaintiff received his copy of the RVR 115, he requested witnesses, Defendant Black, another inmate and Ms. Salvant.  The hearing officer denied Plaintiff's request for Ms. Salvant to appear as a witness.

On March 10, 2009, while in Ad-Seg, Plaintiff pled not guilty to the RVR 115 charge of conspiracy to distribute a controlled substance.  Plaintiff was found guilty of the RVR 115, and was counseled, reprimanded and assessed a credit forfeiture of 180 days.  The case was referred to the Fresno County District Attorney's Office for criminal prosecution, but the District Attorney elected not to prosecute.

Plaintiff alleges that the RVR 115 is invalid and requires a reversal of his guilty finding. Plaintiff also alleges that in reaching a guilty finding his due process rights were violated

because there was a lack of supporting evidence, the chain of custody of the heroin was broken, and the RVR 115 hearing officer, Defendant Daley, refused to allow Ms. Savant as a witness. Plaintiff further alleges that his property was intentionally destroyed.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.  Additionally, Plaintiff seeks an order vacating the disciplinary finding of guilty, restoration of 90 days of credit lost and removal of the RVR violation from his records.

### III.   Discussion

#### A.  Challenge to Disciplinary Hearing Procedures

Plaintiff is challenging the disciplinary hearing procedures and is seeking reinstatement of his good-time credits.  Plaintiff's section 1983 (and Bivens) claim is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.ED.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).  A state prisoner's section 1983 is not cognizable if success on the claim would necessary imply the invalidity of his sentence.  Heck, 512 U.S. at 486-87, 114 S.Ct. 2364.  Further, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Edwards, 520 U.S. at 646, 117 S.Ct. 1584.  It has long been established that prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*."  Wilkinson, 544 U.S. at 81 (emphasis added).  Given that Plaintiff lost time credits as a result of being found guilty of the prison disciplinary charge, his claim is barred by the favorable termination rule if a finding in his favor on his claim would necessarily imply the invalidity of the disciplinary conviction.  Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok, 520 U.S 641, 80-81, 117 S.Ct. 1584 (1997).  Here, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits, and would necessarily affect

his release date.  Accordingly, he may not pursue his claims challenging the disciplinary procedures in this action.

### B.  Deprivation of Personal Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).  To the extent that Plaintiff claims that his compact discs and paperwork were intentionally destroyed or stolen by PVSP employees, this would be an unauthorized, intentional deprivation.  Due Process is therefore satisfied if there is a meaningful post-deprivation remedy available to Plaintiff.  Hudson, 468 U.S. at 533.  Plaintiff has an adequate post-deprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Thus, Plaintiff failed to state a cognizable claim for the alleged destruction or theft of his property.

### IV.    Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983 or Bivens.  It does not appear that Plaintiff can cure the deficiencies identified by the Court and therefore leave to amend shall not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  To the extent that Plaintiff has requested a copy of his original complaint and exhibits in the event that leave to amend is granted, this request is now moot and shall be denied.  (ECF No. 11.)

Based on the above, it is HEREBY ORDERED as follows:

1.    This action be DISMISSED, with prejudice, for failure to state a claim; and

2.    Plaintiff's request for a copy of his complaint and exhibits is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2013**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE