# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERETT, | ) 1:12-cv-00680-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) COMPLAINT WITH LEAVE TO AMEND<br>) (ECF No. 1) |
| P. BRAZELTON, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

### I. **Background**

Plaintiff Ronald Everett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 11, 2012, and the matter was transferred to this Court on April 30, 2012.

On September 13, 2013, the Court dismissed Plaintiff's complaint for failure to state a claim without leave to amend. (ECF No. 12.) Judgment was entered the same day. (ECF No. 13.) On October 9, 2013, Plaintiff appealed. (ECF No. 14.)

On December 18, 2014, the Ninth Circuit Court of Appeals affirmed in part, reversed in part and remanded the action to this Court. Specifically, the Ninth Circuit Court of Appeals affirmed the Court's dismissal of Plaintiff's due process claim based on his loss of property, but reversed the Court's dismissal of Plaintiff's claims challenging his disciplinary proceedings. The Ninth Circuit remanded the action "for the district court to consider in the first instance the merits of [Plaintiff's claims challenging his disciplinary proceedings] and provide . . . notice of

any defects and an opportunity to amend with the benefit of that notice." (ECF No. 20.) The Ninth Circuit issued its mandate on January 12, 2015. (ECF No. 21.)

Following remand by the Ninth Circuit Court of Appeals, Plaintiff's complaint, filed on April 11, 2012, is currently before the Court for screening.[1]

**II.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

---

[1] As noted above, the Ninth Circuit affirmed the Court's dismissal of Plaintiff's due process claim concerning his loss of property without leave to amend. Therefore, the Court limits its review to Plaintiff's remaining claims challenging his disciplinary hearing as asserted in his complaint filed on April 11, 2012.

### III.     Plaintiff's Allegations

Plaintiff is currently housed at San Quentin State Prison. The events complained about allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names the Elk Grove Police Department, United States Postal Inspector Frank Ducar, United States Postal Inspector Martin, PVSP Security Officer M. Black, PVSP Security Squad Sergeant J. Lopez, PVSP Warden J. Yates, Director of the California Department of Corrections and Rehabilitation John Dovey, and PVSP Correctional Lieutenant J. C. Smith as defendants.

Plaintiff alleges as follows: Based on information obtained from inmate telephone calls in 2006 and 2007, Defendant Black notified Defendant Ducar of the possibility that narcotics were being sent via the United States Postal Service to the residence of Carol Salvant.

On April 1, 2008, Defendant Ducar informed Defendant Black that he had intercepted a package being sent to Ms. Salvant from Anna Torres. Defendant Ducar also indicated that he had identified the package as heroin and had obtained a search warrant.

On April 8, 2008, Defendant Black obtained a search warrant for Ms. Salvant's address. On April 10, 2008, the Rancho Cordova Special Services Unit, Defendant Elk Grove Police Department and the United States Postal Service executed the search warrant. Upon entry into the residence, Ms. Salvant had a seizure and was taken to Sutter County General Hospital. The search of the residence uncovered a package containing approximately 26.4 grams of suspected heroin in Ms. Salvant's bedroom, along with a 9mm handgun and other indicia. A Narcotic Identification Kit test was conducted on the heroin with a positive reaction. Defendant Elk Grove Police Department retained the handgun, but turned over the heroin and other indicia to Defendant Black. Defendant Black placed these items into the Sub Evidence Locker #2 at PVSP.

On May 6, 2008, Ms. Salvant was arrested and booked into the Sacramento County Jail and charged with violations for supply of a controlled substance from a civilian to an inmate and transportation, sale and distribution of a controlled substance.

On April 10, 2008, Plaintiff and another inmate were housed in Administrative Segregation ("Ad-Seg") pending investigation into their suspected involvement in a conspiracy to distribute a controlled substance into PVSP.

On April 18, 2008, the heroin was sent to the Department of Justice for analysis.

On May 20, 2008, Plaintiff was advised of his <u>Miranda</u> rights and elected not to make a statement.

On May 24, 2008, Plaintiff mailed home a police report, court transcripts, an insurance policy, a marriage license and seven (7) compact discs. Plaintiff filled out a trust account withdrawal form to pay for the postage. On June 19, 2008, Plaintiff received a notice from Corrections Officer L. Collins informing him that he had no money in his trust account and that six (6) compact discs were destroyed. On July 7, 2008, Plaintiff submitted a grievance for the destruction of his property. On October 17, 2008, his appeal was granted for an unidentified amount of money. Plaintiff also submitted his appeal to the Director Level's and it was partially granted.

On October 17, 2008, the Investigative Service Unit concluded its investigation and received results from the Department of Justice confirming that the substance recovered from Ms. Salvant's residence was heroin.

Plaintiff requested additional material/evidence to be presented at his Rules Violation Report ("RVR") 115 hearing, including the arrest and search warrant dated 4/10/2008, Ms. Salvant's statement made 5/6/08, and arrest and search warrant dated 3/16/07 and 3/17/09 with affidavit. Certain evidence was denied as either confidential or unavailable.  At the time Plaintiff received his copy of the RVR 115, he requested witnesses, Defendant Black, Inmate Espindola and Ms. Salvant. The hearing officer, J. E. Daley, denied Plaintiff's request for Ms. Salvant to appear as a witness. Plaintiff also alleges that the RVR given to Plaintiff stated only that he was being charged with a conspiracy to distribute a controlled substance in PVSP, but did not provide notice as to the date and time of the alleged conspiracy.

On March 10, 2009, while in Ad-Seg, Plaintiff pled not guilty to the RVR 115 charge of conspiracy to distribute a controlled substance. Plaintiff was found guilty of the RVR 115. The

4

case was referred to the Fresno County District Attorney's Office for criminal prosecution, but the District Attorney elected not to prosecute.

Plaintiff alleges that the RVR 115 is invalid and requires a reversal of his guilty finding. Plaintiff also alleges that in reaching a guilty finding his due process rights were violated because there was a lack of supporting evidence, the chain of custody of the heroin was broken, and the RVR 115 hearing officer, J.E. Daley, refused to allow Ms. Savant as a witness due to unavailability.

Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages.

### IV.  Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is short, but does not contain a plain statement of his claims. The complaint includes extraneous allegations unrelated to Plaintiff's claims concerning his disciplinary hearing and includes disjointed and confusing allegations. Plaintiff will be given leave to cure this deficiency. If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief against each named defendant.

#### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities

5

> secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Defendants Martin, J. Yates, Dovey, Lopez and Smith to any alleged violation of his constitutional rights. If Plaintiff amends his complaint, he must allege what each individual did or failed to do that resulted in a violation of his constitutional rights.

To the extent Plaintiff seeks to bring suit against Defendants Yates and Dovey (or any other defendant) based on their roles as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

### C. Elk Grove Police Department

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983. Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of Section 1983. United States v. Kama, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (finding municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983); see also Sanders v. Aranas, 2008 WL 268972, *3 (E.D. Cal. Jan. 29, 2008) (the Fresno Police Department is not a proper defendant because it is a sub-department of the City of Fresno and is not a person within the meaning of § 1983). Accordingly, the Elk Grove Police Department is not a proper defendant.

### D. United States Postal Inspectors

Plaintiff sues federal postal inspectors and brings this action pursuant to 42 U.S.C. § 1983. However, section 1983 applies to state action, not federal. Plaintiff's complaints regarding federal action should be pursued pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Nonetheless, Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Here, Plaintiff has not identified any alleged violation of his constitutional rights by Postal Inspectors Frank Ducar and Martin. Further, Plaintiff has not alleged, nor can he, that Defendants Ducar and Martin were involved in the deprivation of any rights related to his PVSP disciplinary hearing.

///

### E.  Challenge to Disciplinary Hearing Procedures

Plaintiff is challenging the disciplinary hearing procedures.  Although Plaintiff alleges a loss of good time credits, a document attached to his complaint and judicially noticeable court records demonstrate that Plaintiff did not lose any good time credits.[2]

As part of his due process claims, Plaintiff focuses on the procedural rights afforded to him under Title 15 prison regulations and defendants' alleged violation of those rights. However, Plaintiff improperly conflates his rights under state prison regulations and his federal constitutional rights.  See Nurre v Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on a violation of federal constitutional right); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated).  A due process claim does not arise solely from the language of state regulations.  See Wilkinson v. Austin, 545 U.S. 209, 221-29, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005) (methodology for identifying state-created liberty interests is the nature of the deprivation not the language of a particular prison regulation).

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Prisoners are entitled to the following procedural protections: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to present documentary evidence and call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563–71.

---

[2] Exhibit B to Plaintiff's complaint is a copy of findings and recommendations issued in Everett v. Yates, 1:11-cv-00150-AWI-GSA HC.  According to the findings and recommendations, Plaintiff did not lose credits and none of the penalties imposed by his disciplinary proceedings affected the duration of his sentence.  (ECF No. 1, Ex. B, p. 40.)  Exhibit F to Plaintiff's Petition for Habeas Corpus filed in 1:11-cv-00150-AWI-GSA HC demonstrates that Plaintiff lost privileges, but not good time credits.  The Court may take judicial notice of court records in other cases.  United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

  Here, Plaintiff's complaint is devoid of any facts suggesting that he was deprived of the minimal procedural protections he was due under federal law. Plaintiff alleges that his due process rights were violated by the denial of his requests for certain evidence, the denial of his right to call M. Salvant as a witness at the disciplinary hearing, and the failure of the notice of charges to provide a date and time of the alleged conspiracy. With regard to Plaintiff's written notice, Plaintiff admits that he was provided with the written notice of the charges against him, which is all that due process requires. (ECF No. 1, p. 11.) Plaintiff's assertions that the notice did not comply with state prison regulations is not sufficient to support a federal due process claim. With regard to Plaintiff's request for evidence, Plaintiff admits that certain of his requested documents were confidential. (ECF No. 1, p. 10.) With regard to Plaintiff's request for M. Salvant to appear as a witness in his defense, Plaintiff admits that M. Salvant's appearance was denied because she was unavailable. (ECF No. 1, p. 16.) Plaintiff further admits that M. Salvant was arrested on May 6, 2008, and booked into the Sacramento County jail. (ECF No. 1, p. 9.) At best, Plaintiff has established that disclosure of confidential documents and allowing M. Salvant, a jail inmate, to appear at his disciplinary hearing would be unduly hazardous to institutional safety or correctional goals and not a denial of due process.

  Plaintiff also alleges that his guilty finding was not supported. Due process is satisfied is "some evidence" supports the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013). "[The] test is 'minimally stringent,' " Castro, 712 F.3d at 1314 (quoting Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.1994)), and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion, id. (quoting Bruce, 351 F.3d at 1287). "Evidence only must bear 'some indicia of reliability' to be considered 'some evidence,' " id. (quoting Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990)), and "evidence may qualify as 'some evidence,' even if it does not 'logically preclude any conclusion but the one reached,' " id. (quoting Hill, 472 U.S. at 457).

  Here, Plaintiff's allegations regarding the lack of evidence are disjointed and unclear. It appears that Plaintiff is asserting that the hearing officer's decision was not supported because

9

there was no evidence showing first-hand knowledge of a conspiracy, no evidence that Plaintiff ever possessed, disbursed or introduced a controlled substance into the institution, no evidence that Plaintiff received any visits between December 24, 2007, and April 10, 2008, and no first hand evidence of any communications. (ECF No. 1, pp. 9-11.) Plaintiff also complains about the chain of custody of the seized heroin. (ECF No. 1, pp. 11-12.)

Plaintiff's complaint does not address the evidence relied on by the hearing officer to support the guilty charge. According to exhibits to Plaintiff's habeas petition in Everett v. Yates, 1:11-cv-00150-AWI-GSA HC, the hearing officer relied on "some evidence" to support the guilty charge and Plaintiff has not alleged that this evidence was not reliable. Further, Plaintiff does not link any named defendant to the purported violation of his due process rights.

### F.  Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### V.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. Plaintiff will be given leave to cure these deficiencies to the extent that he can do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **March 31, 2015**               /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE