# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERETT,<br><br>        Plaintiff,<br><br>  v.<br><br>P. BRAZELTON, et al.,<br><br>        Defendants. | 1:12-cv-00680-BAM (PC)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM<br>(ECF No. 27) |

### I.    Background

Plaintiff Ronald Everett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 11, 2012, and the matter was transferred to this Court on April 30, 2012.

On September 13, 2013, the Court dismissed Plaintiff's complaint for failure to state a claim without leave to amend. (ECF No. 12.) Judgment was entered the same day. (ECF No. 13.) On October 9, 2013, Plaintiff appealed. (ECF No. 14.)

On December 18, 2014, the Ninth Circuit Court of Appeals affirmed in part, reversed in part and remanded the action to this Court. Specifically, the Ninth Circuit Court of Appeals affirmed the Court's dismissal of Plaintiff's due process claim based on his loss of property, but reversed the Court's dismissal of Plaintiff's claims challenging his disciplinary proceedings. The Ninth Circuit remanded the action "for the district court to consider in the first instance the merits of [Plaintiff's claims challenging his disciplinary proceedings] and provide . . . notice of

any defects and an opportunity to amend with the benefit of that notice." (ECF No. 20.)  The Ninth Circuit issued its mandate on January 12, 2015. (ECF No. 21.)

Following remand by the Ninth Circuit Court of Appeals, the Court screened the complaint and dismissed Plaintiff's complaint with leave to amend. (ECF No. 23.)  Plaintiff's first amended complaint, filed on June 10, 2015, is currently before the Court for screening. (ECF No. 27.)

**II.     Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III.     **Plaintiff's Allegations**

Plaintiff is currently housed at San Quentin State Prison. The events complained about allegedly occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").

Plaintiff alleges as follows:

1/Correctional Officer M. Black brought 26.4 grams of heroin into the P.V.S.P. on or about April 10, 2008, for the purpose of bring [sic] charges against plaintiff for drug distribution which resulted in plaintiff being charged with a C.D.C. drug related incident.

2/Correctional Officer M. Black got the 26.4 grams of heroin from the Elk Grove Police Dept. (via) a U.S. Postal investigation and seized from a mailed package these drug were before federal and state local police custody.

3/Correctional Officer M. Black moved the said drugs from Elk Grove Sacramento area to the Pleasant Valley State Prison Fresno area on her own in order of making a charge of drugs (distribution) upon Plaintiff.

4/Correctional Officer M. Black placed the 26.4 grams of heroin into P.V.S.P evidence locker #2, evidence relating to the C.D.C. 115 charge (drugs) had it tested in a guilty finding of drug distribution for those same drugs.
5/defendant M. Black is the proximate cause of Plaintiff damages and injury.

(ECF No. 27 at pp. 3-4.)

As relief, Plaintiff states:

Plaintiff humbely [sic] request that the guilty for drugs distribution charge be dismissed, that the total lost of good time credits be restored and he be given all the time lost off his prison term, that the records from all the related drugs charge in this matter be removed. [R]eserve the right to later re-quest for damage according to procedures for the time spent in ad-seg during this ordeal and punishment. But for now Plaintiff request injunctive relieve to make prison officials remove drug related record.

(ECF No. 27 at p. 4.)

### IV.     **Discussion**

Plaintiff is challenging his disciplinary proceeding and the resulting loss of good-time credits. Generally, state prisoners may not challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544

3

1  U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Often referred to as the favorable
2  termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies
3  whenever state prisoners "seek to invalidate the duration of their confinement-either directly
4  through an injunction compelling speedier release or indirectly through a judicial determination
5  that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81
6  (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (precluding § 1983
7  claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction
8  or sentence).  As such, "a state prisoner's [section] 1983 action is barred (absent prior
9  invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the
10 prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in
11 that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at
12 81–2.  The favorable termination rule applies to prison disciplinary proceedings if those
13 proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S.
14 641, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

15     Here, the question of whether Plaintiff lost good-time credits is determinative of his
16 ability to proceed in this section 1983 action.  Plaintiff initiated this action based on a loss of
17 good-time credits in connection with charges in Log No. 08-FB-10-047.  (ECF No. 1 at ¶ 27.)
18 Based on the purported loss of credits, the Court previously dismissed this action as barred by
19 Heck and Edwards.  (ECF No. 12.)  Plaintiff appealed.

20     On appeal, the Court's determination was reversed and the matter remanded based on
21 evidence that Plaintiff's disciplinary proceedings did not result in a loss of time credits or
22 otherwise impact the length of Plaintiff's sentence.  (ECF No. 20.)   Indeed, judicially noticeable
23 court records in 1:11-cv-00150-AWI-GSA HC demonstrated that Plaintiff lost privileges, but not
24 good time credits, in relation to Rules Violation Report Log Number 08-FB-10-047.

25     However, in support of his amended complaint, Plaintiff now has attached a "Release
26 Date Change Notice."  (Ex. B to ECF No. 27.)  The Notice from the California Department of
27 Corrections details Plaintiff's loss of credits for disciplinary reasons from 1994 through 2014.
28

According to the notice, Plaintiff lost 180 days of credit on October 17, 2008, as a disciplinary penalty in connection with Log Number 08FB10047.  (Id.)

As the log numbers match, it appears that Plaintiff has presented new evidence demonstrating that he lost credits in connection with the disciplinary charges and proceedings at issue in this case.  In the First Amended Complaint, Plaintiff is challenging the loss of good time credits.  The evidence attached to the complaint now shows that plaintiff challenges the duration of his sentence.  Compare Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."). Therefore, a decision in Plaintiff's favor would necessarily imply the invalidity of his guilty finding and the loss of his good-time credits, and would necessarily affect his release date.  Accordingly, the Court finds that Plaintiff may not pursue his claims challenging the disciplinary proceedings in this section 1983 action.

### V. Conclusion and Order

For the reasons stated, Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983.  The deficiencies at issue are not curable through amendment.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that this action is dismissed, without prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 28, 2016**            /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE