# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. BRAZELTON, et al.<br><br>　　　　　Defendants. | Case No. 1:12-cv-00680-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S OBJECTION TO THE COURT'S ORDER DISMISSING THIS ACTION AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 33) |

**I.     Procedural History**

Plaintiff Ronald Everett ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on April 11, 2012 (ECF No. 1), which was transferred to this court on April 30, 2012 (ECF No. 5).

On September 13, 2013, the Court dismissed Plaintiff's complaint for failure to state a claim without leave to amend. (ECF No. 12.) Judgment was entered the same day. (ECF No. 13.) On October 9, 2013, Plaintiff appealed. (ECF No. 14.)

On December 18, 2014, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded this action to this Court. Specifically, the Ninth Circuit Court of Appeals affirmed the Court's dismissal of Plaintiff's due process claim based on his loss of property, but reversed the Court's dismissal of Plaintiff's claims challenging his disciplinary proceedings. The Ninth Circuit remanded the action "for the district court to consider in the first instance the merits

1

of [Plaintiff's claims challenging his disciplinary proceedings] and provide [Plaintiff] notice of any defects and an opportunity to amend with the benefit of that notice." (ECF No. 20.) The Ninth Circuit issued its mandate on January 12, 2015. (ECF No. 21.)

Following remand by the Ninth Circuit Court of Appeals, the Court screened the complaint and dismissed it with leave to amend. (ECF No. 23.) On June 10, 2015, Plaintiff filed his first amended complaint. (ECF No. 27.) On January 28, 2016, the Court screened the first amended complaint, and dismissed this action without prejudice for failure to state a claim. Specifically, Plaintiff's first amended complaint alleged that a correctional officer brought heroin into the institution where Plaintiff was being held so that he would be falsely charged with drug distribution. Plaintiff asserted that he suffered a loss of good-time credits as a result of the disciplinary proceedings at issue, and requested those credits be restored. Accordingly, the Court found Plaintiff's claims to be *Heck*-barred, and that the deficiencies at issue were not curable through amendment. (ECF No. 31.) On January 28, 2016, the Court entered a judgment dismissing the case. (ECF No. 32.)

On March 11, 2016, Plaintiff filed an objection to the January 28, 2016 order dismissing his case. Plaintiff states in his objection that his first amended complaint challenged only the validity of the disciplinary proceedings at issue, not their results. He argues that the Court misconstrued the attachments provided in his first amended complaint as evidence of him challenging the duration of his confinement. The remainder of his objection discusses his substantive challenges to the disciplinary proceedings. (ECF No. 33.)

Plaintiff does not cite any specific rule or authority for his motion, but he appears to seek for the Court to reconsider its dismissal of his action. Accordingly, the Court construes Plaintiff's objection as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6).

**II.     Motion for Reconsideration Rule 60(b)(6)**

**a. Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.

2

*Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the court's decision, and 'recapitulation ...'" of that which was already considered by the court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

**b. Discussion**

In the present motion, Plaintiff contends that he was not challenging the result of the disciplinary proceedings at issue, but rather their validity, and states that he never mentioned that good-time credits affected the length of his sentence. He also argues that a decision in this civil case in his favor would not necessarily result in his immediate release or a shorter prison sentence, and therefore habeas jurisdiction is absent and that he may instead proceed under 42 U.S.C. § 1983. He argues that a prisoner civil rights action may be used to obtain a declaration that the disciplinary procedures at issue were invalid as a predicate to a damages award, or to enjoin prospective enforcement of invalid prison regulations.

Contrary to Plaintiff's contentions, he expressly requested in his demand for relief that "the total lost [*sic*] of good time credits be restored and [Plaintiff] be given all the time lost off his prison term…." (ECF No. 27 at p. 5.) He also alleged under claim 1 of his first amended complaint that his due process rights were violated and that he suffered "a loss of time credits off his prison term." (*Id.* at p. 3.) Thus, Plaintiff specifically pleaded and sought restoration of his

good-time credits.

Plaintiff's second argument is essentially that the Court erred in dismissing his complaint as *Heck*-barred, because the time credits at issue do not affect the length of his confinement, and thus "habeas jurisdiction is absent and a 1983 action is proper." (ECF No. 33, p. 5.) However, state prisoners may not challenge the fact or duration of their confinement under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

The Ninth Circuit's opinion in *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), which was issued after Plaintiff's present motion was filed, addresses Plaintiff's argument. The Ninth Circuit explained that claims challenging disciplinary proceedings, which will not necessarily lead to a prisoner's immediate or earlier release from confinement, are not cognizable in habeas. *Id.* at 935. However, the action would not automatically, or necessarily, proceed as a civil rights claim either. Instead, the court must determine whether the claim is cognizable under § 1983, including whether it "names the correct defendants and seeks the correct relief," before allowing the litigant to potentially proceed. *See id.* at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

Plaintiff's request for restoration of his good-time credits falls outside of the relief available in a § 1983 action. *See Nettles,* 830 F.3d at 927-28 (discussing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and *Wolff v. McDonnell*, 418 U.S. 539 (1974) and stating that claims for restoration of good-time credits in those cases fell outside the scope of a § 1983 claim). Although Plaintiff expressly reserved the right to damages in his first amended complaint, his present complaint seeks no damages and only seeks the restoration of good time credits.

More importantly, Plaintiff has not stated any cognizable claim under § 1983, despite being informed of the deficiencies of his claims and being granted leave to amend. Plaintiff alleges in his first amended complaint that Officer Black, the sole defendant, planted evidence so that Plaintiff would be found guilty of false charges, and that Plaintiff was convicted. Prisoners do not have constitutional rights to be free from false accusations. *See Garrott v. Glebe*, 600 Fed. Appx. 540, 542 (9th Cir. 2015); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a

4

disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections… are provided"). Moreover, false accusations do not give rise to claims under 42 U.S.C. § 1983. *Whitaker v. Crane*, 2016 WL 1604822, *2 (E.D. Cal. April 21, 2016). Plaintiff was previously informed of the standards for challenging disciplinary hearing procedures and the specific deficiencies in his complaint, and was granted leave to amend to state a cognizable claim. (ECF No. 23.) His first amended complaint contains less detail than his prior pleading, and continues to fail to state any cognizable claim.

The remainder of Plaintiff's objection contains arguments and conclusory allegations about violations of California law regarding disciplinary procedures, which also do not state any cognizable violation of his Constitutional rights under § 1983. *See Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012) ("To prevail under 42 U.S.C. § 1983, a plaintiff must prove that he was 'deprived of a right secured by the *Constitution or laws of the United States…*'") (emphasis added).

Accordingly, Plaintiff's motion for reconsideration under Rule 60(b)(6) fails, and will be denied.[1]

### III.    **Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS that Plaintiff's objection to the Court's January 28, 2016 order dismissing this action and motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) (ECF No. 33), are DENIED.

IT IS SO ORDERED.

Dated:   **December 15, 2016**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff raises some arguments about the timeliness of his motion, but the Court does not find it necessary to discuss those issues, as it does not find his motion to be untimely.